**IN THE UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION**

| | |
|---|---|
| IN RE:<br><br>AVERY K. DICKENS<br><br>Debtor | Case No. 12-41930<br>Chapter 7 |

**TRUSTEE'S MOTION TO SELL REAL PROPERTY INTERESTS –
PAD SITE, OAKDALE, LOUISIANA PURSUANT TO 11 U.S.C. § 363**

NO HEARING WILL BE CONDUCTED ON THIS MOTION UNLESS A WRITTEN OBJECTION IS FILED WITH THE CLERK OF THE UNITED STATES BANKRUPTCY COURT AND SERVED UPON THE PARTY FILING THIS PLEADING WITHIN TWENTY-ONE (21) DAYS FROM DATE OF SERVICE UNLESS THE COURT SHORTENS OR EXTENDS THE TIME FOR FILING SUCH OBJECTION. IF NO OBJECTION IS TIMELY SERVED AND FILED, THIS PLEADING SHALL BE DEEMED TO BE UNOPPOSED, AND THE COURT MAY ENTER AN ORDER GRANTING THE RELIEF SOUGHT. IF AN OBJECTION IS FILED AND SERVED IN A TIMELY MANNER, THE COURT WILL THEREAFTER SET A HEARING. IF YOU FAIL TO APPEAR AT THE HEARING, YOUR OBJECTION MAY BE STRICKEN. THE COURT RESERVES THE RIGHT TO SET A HEARING ON ANY MATTER.

COMES NOW Mark A. Weisbart, Chapter 7 Trustee ("Trustee") in the above-referenced bankruptcy case, and files this Motion to Sell Real Property Interests – Pad Site, Oakdale, Louisiana Pursuant to 11 U.S.C. § 363 (the "Motion") seeking authorization to sell certain real property interests in relation to an undeveloped lot located along Highway 167 in Oakdale, Allen Parish, Louisiana, and in support hereof, would show the Court the following:

**JURISDICTION**

1.  This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334(b). This matter constitutes a core proceeding pursuant to 28 U.S.C. § 157(b)(2), (A), (K), (N) and (O).

2.  Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

**FACTUAL AND PROCEDURAL BACKGROUND**

3.  On July 18, 2012 (the "Petition Date"), Avery K. Dickens (the "Debtor") filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code"). By order entered on February 19, 2013, the Court converted this case to a

case under Chapter 7. Thereafter, Trustee was appointed Chapter 7 Trustee.

4. The property interests to be sold consists any and all rights and interests in and to an undeveloped pad site located within a strip shopping center along Highway 165 in Oakdale, Allen Parish, Louisiana (the "Real Property"), including, without limitation, the right to redeem the Real Property pursuant to applicable Louisiana law (collectively, the "Property Interests"). The legal description to the Real Property is attached hereto as Exhibit "A".

5. The Trustee has recently received an offer to purchase the estate's interests in the Real Property and the Property Interests from Waynon Keith and Francis Thompson Richardson (the "Buyers") for the sum of $20,000.00 (the "Purchase Price") as set forth in a Contract to Buy and Sell (the "Contract"). A copy of the Contract is attached hereto as Exhibit "B".

6. The Trustee believes the Purchase Price represents the fair market value of the Real Property and Property Interests and that the proposed sale is in the best interest of the estate. The Real Property has been marketed by the Trustee's realtor, Bobby Abrusley with Jim Davidson Realty (the "Realtor"). Realtor was previously approved by Court order dated June 3, 2013, to market property in Oakdale, Louisiana.

7. Trustee requests Court authorization to sell the Real Property and Property Interests pursuant to 11 U.S.C. §363 to the Buyer for $20,000.00 cash to seller and from the sale proceeds allow the Trustee to pay a 6% realtor's commission. Further, the Trustee has been informed by the Realtor that the Real Property may have been foreclosed during the bankruptcy by the local taxing authorities. Trustee understands that under Louisiana law the Real Property can be redeemed by payment of back taxes, plus interest. Under the Contract, Buyers are obligated to pay any amounts necessary to redeem the Real Property and any other taxes against the property.

8. Trustee requests that (i) the sale be made "as is, where is" without any representations or warranties as to ownership, title, right, use, or interest in or to the Real Property or any Property Interests that exist with regard to same; and (ii) that the deed conveying the Real Property shall be a special warranty or quitclaim deed, and that no obligation, warranty or personal liability be placed on Trustee in any capacity, other than as Trustee of this estate.

9. Trustee also requests that this Court waive the 14-day stay of the sale order as provided in Bankruptcy Rule 6004(h). Finally, the Trustee requests that in the event he receives, in his sole discretion, a higher and better offer prior to closing or the Buyer does not close the sale of the Real Property and Property Interests within thirty (30) days of the entry of this Order, then the Trustee is authorized, in his discretion, to sell the Real Property and Property Interests to any third party who pays more than $20,000.00 to purchase same on similar terms to those set forth in the Motion.

## REQUESTED RELIEF

A. **SALE OF ESTATE'S INTEREST IN PROPERTY PURSUANT TO SECTION 363(b)**

10. The Court may authorize the Trustee to sell property of the estate other than in the ordinary course of business pursuant to Section 363(b) of the Bankruptcy Code; *see also* Rule 6004 of the Federal Rules of Bankruptcy Procedure. The Fifth Circuit requires that the Trustee demonstrate a "sound business reason" for selling property pursuant to Section 363. *See In re Continental Airlines, Inc.,* 780 F.2d 1223, 1226 (5th Cir. 1986) (*citing In re Lionel Corp.,* 722 F.2d 1063, 1070-71 (2d Cir. 1983)). Whether the Trustee has articulated a sufficient business reason to approve a sale of assets depends on the facts of the case. The Court may consider (i) whether the asset is increasing or decreasing in value; (ii) whether the proceeds to be obtained from the sale of the assets represent the fair value of such assets; and (iii) the effect such sale

may have on future plans of reorganization.[1]  *In re Continental Airlines,* 780 F.2d at 1226; *In re Lionel Corp.,* 722 F.2d at 1071.

11.     Upon information and belief, the Property is not increasing in value.  The Trustee has employed the Realtor to market and sell the Real Property.  The offer is the current best "as is" offer received by the Trustee and was subject to arms length negotiations.  The Trustee believes the proposed purchase price represents the fair value of the Property.  The Trustee believes the proposed sale is in the best interest of the estate.  Thus, the Trustee seeks authorization to sell the Real Property and Property Interests pursuant to Section 363(b).

12.     The property is being sold subject to all liens, claims and encumbrances.  Trustee is not aware of any liens against the property.

WHEREFORE, Trustee prays that the Court enter an order pursuant to 11 U.S.C. § 363(b) and (f) authorizing him to (i) sell the Real Property and Property Interests to Buyers pursuant to the terms of the Contract and (ii) pay the Realtor a 6% realtor's commission.  The Trustee prays that this Court will waive the 14-day stay of the sale order as provided in Bankruptcy Rule 6004(h). The Trustee further prays for the Court to grant him such other and further relief to which he is justly entitled.

Respectfully submitted,

/s/ Mark A. Weisbart
Mark A. Weisbart
Texas Bar No. 21102650
THE LAW OFFICE OF MARK A. WEISBART
12770 Coit Road, Suite 541
Dallas, Texas 75251
(972) 628-3694 Phone
(972) 628-3687 Fax
weisbartm@earthlink.net

COUNSEL FOR CHAPTER 7 TRUSTEE

---

[1] This factor is neither relevant nor applicable in this case.

## CERTIFICATE OF SERVICE

    The undersigned hereby certifies that a copy of the foregoing instrument was served on the attached mailing matrix either through the Court's electronic notification system as permitted by Appendix 5005 III. E. to the Local Rules of the U.S. Bankruptcy Court for the Eastern District of Texas, or by first class United States Mail, postage prepaid no later than this the 16th day of January, 2015.

/s/ Mark A. Weisbart
Mark A. Weisbart

Allen Parish Assessor
P.O. Box 218
Oberlin, Louisiana 70655

# 2015 PARCEL LISTING

**OWNER**
CITY OF OAKDALE
(MIDWEST MANAGEMENT BANK)
PO BOX 728
OAKDALE, LA 71463-0000

## PARCEL# 0540147500

| Parcel Number | Parcel Type | Ward | Physical Address | Map Number |
|---|---|---|---|---|
| 0540147500 | ADJUDICATED P | WARD 5 O | | 163300202 |

### ITEMS- PARCEL#0540147500

| Description | Assessed Value | Homestead Value | Market Value | Units | HS Units |
|---|---|---|---|---|---|
| 1 URBAN LOT | 6,250 | | 62,500 | 1.00 | 0.00 |
| Item Totals | 6,250 | | 62,500 | 1.00 | 0.00 |

### LEGAL DESCRIPTION- PARCEL#0540147500

COMM. AT THE SW/COR OF NE/4, 16-3-3, TH E ALONG THE S/LINE OF NE/4 OF NE/4 726.5 FT TO THE W/R/W/L OF U.S. HWY. 165; TH NE'ERLY ALONG THE W/R/W/L OF U.S. HWY. 165 A DIST. OF 529.55 FT TO POB; TH N 80 DEG 37 MIN W 144.1 FT; TH N 23 DEG 08 MIN E 154.4 FT; TH S 66 DEG 52 MIN E 140 FT TO THE W/R/W/L OF U.S. HWY. 165; TH SE'ERLY ALONG SAID R/W/L TO POB.
INCLUDED IN THIS DESCRIPTION IS A 575 SQ. FT. TRACT OF LAND LEASED TO HIBERNIA NATIONAL BANK WHICH IOS LEGALLY DESCRIBED AS: BEG. AT A PT IN THE NE/4 OF NE/4 OF 16-3-3, SAID PT BEING N 23 DEG 08 MIN E A DIST. OF 528.75 FT ALONG THE W/R/W/L OF U.S. HWY 165 FROM THE S/LINE OF SAID NE/4 OF NE/4 & N 80 DEG 37 MIN W A DIST. OF 111.17 FT FROM SAID R/W/L; TH N 80 DEG 37 MIN W A DIST. OF 32.93 FT; TH N 23 DEG 08 MIN E PARALLEL WITH THE AFORESAID W/R/W/L A DIST. OF 36 FT; TH S 25 DEG 29 MIN 37 SEC E A DIST OF 42.62 FT.  (415-702

### DEEDS- PARCEL#0540147500

| Type | Deed Number | Recorded | Book | Page | Sales Price |
|---|---|---|---|---|---|
| Cash Warranty Deed | 422,449 | 01/24/2003 | 415 | 702 | 62,500.00 |
| Parish Tax Deed | 476,259 | 06/20/2013 | 496 | 851 | 930.84 |
| City Tax Deed | 480,719 | 06/18/2014 | 505 | 525 | 318.91 |

### OWNERSHIP INFORMATION

| HS | Owner Name | Primary | % Owned | % Tax | From | To |
|---|---|---|---|---|---|---|
| NO | CITY OF OAKDALE | YES | 100.0000 | 100.0000 | 06/18/2014 | |
| NO | MIDWEST MANAGEMENT BANK | YES | 100.0000 | 100.0000 | 06/20/2013 | 06/18/2014 |
| NO | DICKENS, AVERY KONRAD | YES | 100.0000 | 100.0000 | 01/24/2003 | 06/20/2013 |
| NO | MID-SOUTH DEVELOPMENT CO. INC. | YES | 100.0000 | 100.0000 | 04/25/2003 | 01/24/2003 |

### TAX REGIONS- PARCEL#0540147500

| Tax Region | Value Applied |
|---|---|
| Oakdale | 6,250 |
| Ward 5 Oakdale | 6,250 |

### PARISH TAXES

| Millage | Mills | Taxpayer | Homestead |
|---|---|---|---|
| PARISH IN | 56.47 | 352.94 | 0.00 |
| REC DIST # 1 (OAK) (1020 007) | 3.10 | 19.38 | 0.00 |
| ROAD DIST #5 | 13.99 | 87.44 | 0.00 |
| SCH DIST #5 | 38.56 | 241.00 | 0.00 |
| SUB RD 5A (1020 024) | 2.79 | 17.44 | 0.00 |
| Totals | 114.91 | 718.20 | 0.00 |

## CONTRACT TO BUY AND SELL

This agreement to buy and sell entered into by and between Avery and Paula Dickens represented by Bankruptcy Trustee, Mark Weisbart, hereafter referred to as the Sellers, And Waynon Keith and Francis Thompson Richardson referred to as the Buyers.

Witnesseth: For the consideration and on the terms hereinafter set forth, the Seller agrees to sell and the Buyer agrees to purchase the following described property: Parcel #0540147500, Description Attached

The consideration for this sale is to be the sum of $20,000 Dollars and payable as follows: The Buyer has this day paid a deposit of ($1,000.00) Dollars to be applied to the purchase price; the balance to be paid upon execution of a deed to the property.

The deposit shall apply on the purchase price and is not to be construed as earnest money, but is to be considered as part payment for the above described property.

The Buyer shall have a period of 30 days after the date of this agreement within which to secure a legal title opinion to the property. If title is found to be merchantable, the deed is to be executed on or before February 15th, 2015. In the event title is found to be defective, the Seller will have a reasonable time, not to exceed 30 days, to perform the necessary curative work to deliver a clear title. If the title is not made acceptable within such 30 day period, the Seller will refund the deposit to the Buyer and the contract will be null and void.

In the event Seller defaults, Buyer shall have the right either to demand the return of his deposit in full, plus an equal amount to be paid as penalty by the Seller, or Buyer may demand performance and/or damages, at his option.

In the event the Buyer defaults, Seller shall have the right to declare the deposit forfeited, without formality beyond tender of title to Buyer, or Seller may demand specific performance and/or damages, at his option.
SPECIAL PROVISIONS:

Done and signed this 9th day of January, 2015.

Sellers: _____  Date 1-16-15

Buyer: _____  Date 1-12-15   Buyer _____  Date 1-12-15

Jim Davidson Realty, Bobby Abrusley, Assoc. Broker _____

Date: _____ +

This Contract is subject to and incorporates exhibit A attached hereto

Exhibit "B"

EXHIBIT "A"
TO CONTRACT OF SALE BETWEEN
MARK A. WEISBART, TRUSTEE FOR AVERY DICKENS AND
WAYNON KEITH AND FRANCES THOMPSON RICHARDSON

1. This contract and Seller's obligations hereunder are expressly subject to the approval of the United States Bankruptcy Court for the Eastern District of Texas, Sherman Division in that certain bankruptcy case styled *In re: Avery Dickens*, Case No. 12-41930 (the "Bankruptcy Court"). In the event the Bankruptcy Court does not approve this contract, Seller shall have no obligation to sell the subject property to Buyers.

2. Upon execution of this contract, Seller shall file an appropriate motion with the Bankruptcy Court seeking approval of this contract and authority to sell the subject property subject to any unpaid liens, claims, or encumbrances.

3. Seller makes no representations or warranties concerning the physical condition or habitability of the subject property or any improvements thereon. Buyers acknowledge that the subject property is being sold, transferred, assigned and/or conveyed "AS IS, WHERE IS" and agrees to take the subject property "AS IS, WHERE IS" and with all faults and subject to any condition which may exist without representation or warranty by Seller, including warranties of habitability, merchantability and fitness.

4. Seller and Buyers agree that the venue for any dispute related to this contract that may arise under or related to this contract shall be the Bankruptcy Court to the exclusion of any other court or procedure.

5. Closing shall occur within ten (10) days following Bankruptcy Court approval. If Bankruptcy Court approval is not obtained by February 2, 2015, the contract shall be of no force and effect, unless these dates are extended by agreement of the parties.

6. Seller shall be under no obligation to close this contract if the Court does not approve the sale, or Seller receives a bona fide offer in excess of the sales price prior to closing.

7. At closing Seller shall execute a quit claim or special warranty deed and Seller shall have no liability thereunder. Buyers shall bear all closing costs except broker's commission of six percent (6%) due Jim Davidson Realty which shall be paid by Seller from the sales proceeds.

8. All past due and current taxes or redemption fees owed to the Parish of Allen, Louisiana shall be the responsibility of the Buyers.

Exhibit "B"

BUYERS:

_____
Waylon Keith

_____
Frances Thompson Richardson

SELLER:

_____
Mark A. Weisbart
Bankruptcy Trustee

Exhibit "B"

```
Label Matrix for local noticing        5801 Preston Road Holdings, Limited Partners   A Action Realty
0540-4                                  c/o Richard H. London, Perkins Coie LLP       P.O. box 2761
Case 12-41930                           2001 Ross Ave., Suite 4225                    Onalaska, TX 77360-2761
Eastern District of Texas               Dallas, TX 75201-2904
Sherman
Fri Jan 16 14:12:05 CST 2015

ASCAP                                   Bobby Abrusley                                Admiral Linan & Uniforms Service
21678 Network Place                     Jim Davidson Realty                           2030 Kipling
Chicago, IL 60673-1216                  P.O. Box 217                                  Houston, TX 77098-1532
                                        Oakdale, LA 71463-0217


Ally Financial                          American Express                              American Express/Costco
c/o Ally Servicing LLC                  PO Box 981540                                 PO Box 981540
P.O. Box 130424                         El Paso, TX 79998-1540                        El Paso, TX 79998-1540
Roseville, MN 55113-0004


Auborn Hager III                        Avery's Electrical Service, Inc.              Barksdale Federal Credit Union
450 Tenth Circle North                  PO Box 808                                    2701 Village Lane
Nashville, TN 37203-3313                Oakdale, LA 71463-0808                        Bossier City, LA 71112-2319


Barksdale Federal Credit Union          Beal Law Firm                                 Bethpage Federal Credit Union
P.O. Box 9                              c/o Eric D. Beal                              PO Box 127
Barksdale AFB, LA 71110-0009            2920 W. Southlake Blvd., Ste. 140             Bethpage, NY 11714-0127
                                        Southlake, TX 76092-6782


Capital One Bank                        Capital One Bank (USA) N.A.                   Capital One Bank (USA), N.A.
PO Box 30285                            PO Box 30285                                  PO Box 71083
Salt Lake City, UT 84130-0285           Salt Lake City, UT 84130-0285                 Charlotte, NC 28272-1083


Century Payments                        Citi Business                                 Avery K. Dickens
PO Box 3429                             PO Box 6537                                   7101 Chase Oaks Blvd.
Thousand Oaks CA 91359-0429             The Lakes, NV 88901-6537                      Apt. 118
                                                                                      Plano, TX 75025-5909


Paula Dickens                           Direct TV                                     Direct TV
The Law Office of Mark B. French        417 Bridge Street                             PO Box 5392
1901 Central Drive, Ste. 704            Danville, VA 24541-1403                       Miami, FL 33152-5392
Bedford, TX 76021-5857


Discover Financial Svcs., LLC           Empire Banking Company LP                     First Electronic Bank/Frys
PO Box 15316                            6440 N. Central Expwy., LB #18                280 W. 10200 S., Ste. 200
Wilmington, DE 19850-5316               Dallas TX 75206-4123                          Sandy, UT 84070-4380


Mark B. French                          GE Capital Retail Bank                        GE Money Bank/ Dillards
1901 Central Drive                      c/o Recovery Management Systems Corp          PO Box 103104
Suite 704                               25 SE 2nd Ave Suite 1120                      Roswell, GA 30076-9104
Bedford, TX 76021-5857                  Miami FL 33131-1605
```

| | | |
|---|---|---|
| GE Money Bank/Sams Club Discover Card<br>PO Box 981400<br>El Paso, TX 79998-1400 | GMAC Automotive Bank<br>PO Box 130424<br>Roseville, MN 55113-0004 | Hillcrest Davidson & Assoc.<br>c/o Protect America Recovery<br>850 N. Dorothy Dr., Ste. 512<br>Richardson, TX 75081-2794 |
| Internal Revenue Service<br>PO Box 7346<br>Philadelphia, PA 19101-7346 | JC Penney<br>6501 Legacy Drive<br>Plano, TX 75024-3698 | John E. Johnson<br>Jameson and Dunagan, P.C.<br>3890 W Northwest Highway<br>Suite 600<br>Dallas, TX 75220-5236 |
| Kinser & Bates, L.L.P.<br>c/o Katherine Kinser<br>17103 Preston Road, Ste. 150<br>Dallas, TX 75248-1372 | Kohl's<br>PO Box 2983<br>Milwaukee, WI 53201-2983 | Joe Lozano<br>Buckley Madole, P.C.<br>9441 LBJ Frwy., Ste. 350<br>Dallas, TX 75243-4652 |
| Christopher J. Moser<br>Quilling Selander Lownds Winslett Moser<br>2001 Bryan Street<br>Suite 1800<br>Dallas, TX 75201-3070 | NY & Co.<br>PO Box 182273<br>Columbus, OH 43218-2273 | Office of the U.S. Trustee<br>110 N. College Ave., Suite 300<br>Tyler, Texas 75702-7231 |
| Old Navy<br>PO Box 530942<br>Atlanta, GA 30353-0942 | Panola National Bank<br>1510 West Panola Street<br>Carthage, TX 75633-2350 | Panola National Bank<br>c/o Kimberly M.J. Sims, Esq.<br>Riney Palter, PLLC<br>5949 Sherry Lane, Sutie 1616<br>Dallas, TX 75225-6532 |
| Paula Dickens<br>c/o Mark B. French<br>1901 Central Dr., Suite 704<br>Bedford, TX 76021-5857 | John D. Penn<br>Perkins Coie LLP<br>500 N. Akard, Suite 3300<br>Dallas, TX 75201-3347 | Quantum3 Group LLC as agent for<br>World Financial Network Bank<br>PO Box 788<br>Kirkland, WA  98083-0788 |
| Red Ball Oxygen<br>PO Box 7316<br>Shreveport, LA 71137-7316 | Rewards Network<br>2 N. Riverside Plaza, Suite 200<br>Chicago, IL 60606-2677 | Sabine Holdings LP<br>312 West Sabine Street<br>Carthage, TX 75633-2519 |
| Marcus Salitore<br>US Trustee Office<br>110 N. College Ave., Room 300<br>Tyler, TX 75702-7231 | Robert A. Sherman<br>312 West Sabine Street<br>P.O. Box 351<br>Carthage, TX 75633-0351 | Kimberly Marie Johnson Sims<br>PALTER STOKLEY SIMS WRIGHT PLLC<br>Preston Commons East<br>8115 Preston Road<br>Suite 600<br>Dallas, TX 75225-6342 |
| Southwestern Bell Telephone Company<br>% AT&T Services, Inc<br>James Grudus, Esq.<br>One AT&T Way, Room 3A218<br>Bedminster, NJ 07921-2693 | Southwestern Electric Power Co.<br>PO Box 24401<br>Canton, OH 44701-4401 | Sparks Energy<br>PO Box 3015<br>Houston, TX 77253-3015 |
| Gail Stock<br>Jameson and Dunagan, P.C.<br>3890 W. Northwest Highway, Ste. 550<br>Dallas, TX 75220-8118 | Terminix Commercial<br>3900 Willow, Suite 130<br>Dallas, TX 75226-1201 | Texas Cash Register<br>11332 Mathis Avenue<br>Dallas, TX 75229-3157 |

| | | |
|---|---|---|
| Texas Child Support Disbursement Unit<br>PO Box 659791<br>San Antonio, TX 78265-9791 | U.S. Attorney General<br>Department of Justice<br>Main Justice Building<br>10th & Constitution Ave., NW<br>Washington, DC 20530-0001 | UCR/Lake Side Market<br>7001 Preston Road, Suite 215<br>Dallas, TX 75205-1156 |
| US Trustee<br>Office of the U.S. Trustee<br>110 N. College Ave.<br>Suite 300<br>Tyler, TX 75702-7231 | John M. Vardeman<br>UST Office<br>110 N. College St., Suite 300<br>Tyler, TX 75702-7231 | Verizon<br>PO Box 33079<br>St Petersburge, FL 33733-8079 |
| Visa<br>PO Box 41769<br>Philadelphia, PA 19101-1769 | WELLS FARGO BANK, N.A.<br>MAC: X7801-014<br>3476 Stateview Blvd<br>Fort Mill, SC 29715-7203 | Mark A. Weisbart<br>The Law Office of Mark A. Weisbart<br>12770 Coit Road, Suite 541<br>Dallas, TX 75251-1366 |
| Mark A. Weisbart<br>The Law Offices of Mark A. Weisbart<br>12770 Coit Road, Suite 541<br>Dallas, TX 75251-1366 | Wells Fargo Bank, N.A.<br>Attention: Bankruptcy Department<br>MAC #D3347-014<br>3476 Stateview Blvd<br>Fort Mill, South Carolina 29715-7203 | (p)WELLS FARGO BANK NA<br>WELLS FARGO HOME MORTGAGE AMERICAS SERVICING<br>ATTN BANKRUPTCY DEPT MAC X7801-014<br>3476 STATEVIEW BLVD<br>FORT MILL SC 29715-7203 |

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

Wells Fargo Home Mortgage
8480 Stagecoach Circle
Frederick, MD 21701

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

| | | |
|---|---|---|
| (u)5801 Preston Road Holdings, Limited Partne | (u)J.H. Amberson | (u)Mulloy & Co. |
| (u)Shattuck and Associates, Inc. | (u)Tina E. Tuccelli | (d)Mark A. Weisbart<br>The Law Offices of Mark A. Weisbart<br>12770 Coit Road, Suite 541<br>Dallas, TX 75251-1366 |

End of Label Matrix
Mailable recipients    71
Bypassed recipients     6
Total                  77